**Ballard Spahr LLP**

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Thomas B. Sullivan
Tel: 212.850.6139
Fax: 212.223.1942
sullivant@ballardspahr.com

November 30, 2023

*By Electronic Filing*

Hon. Andrew L. Carter Jr.
U.S. District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Wright v. Mail Media Inc. et al.*, No. 23 Civ. 7124 (ALC) (S.D.N.Y.)

Dear Judge Carter:

We represent Defendants Mail Media Inc., Associated Newspapers Ltd., Daily Mail and General Trust PLC, DMG Media Ltd., Rich Caccappolo, Paul Dacre, and Gerard Greaves (collectively, "Defendants") in the above-captioned matter. We write in opposition to Plaintiff's motion for costs of service or, in the alternative, for the scheduling of a pre-motion conference seeking leave to file such a motion. *See* Dkt. 18. For the following reasons, the Court should deny Plaintiff's motion.

*First*, Plaintiff cannot recover her costs of service because she failed to include a "prepaid means for the returning the form," as required by Rule 4(d)(1)(C). As the content lists of the two mailings cited demonstrates, *see* Decl. in Supp. of Pl.'s Mot. for Costs ("Wright Decl."), Dkt. 17, Exs. C. & D, no self-addressed stamped envelope or other prepaid return method was included with the waiver package. Indeed, Plaintiff's husband Keith Clingman appeared to acknowledge this in his later follow-up email, *see id.*, Ex. E ("I am recognizing now that the mailing may not have included self-addressed stamped envelopes."). Where a plaintiff "fail[s] to demonstrate that she provided [Defendants] with a prepaid means for returning the waiver form," she cannot seek to recover her later service costs. *Kumaran v. Vision Fin. Mkts.*, *LLC*, 338 F.R.D. 17, 18-19 (S.D.N.Y. 2021); *see Trombetta v. Novocin*, 2021 U.S. Dist. LEXIS 162715, at *10 (S.D.N.Y. Aug. 27, 2021);[1] *Mason Tenders Dist. Counsel Pension Fund v. Messera*, 1997 U.S. Dist. LEXIS 3840, at

---

[1] Pursuant to Local Rule 7.2, Defendants' counsel will provide Plaintiff with a copy of the cases cited herein which are reported exclusively on computerized databases.

Hon. Andrew L. Carter Jr.
November 30, 2023
Page 2

\*15-16 (S.D.N.Y. Mar. 30, 1997).

**Second**, Plaintiff failed to fill in the blank space in Form AO 398 setting a deadline by which Defendants were required to return the signed waiver. *See* Wright Decl., Ex. A ("To avoid these expenses, you must return the signed waiver within days (give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States) from the date shown below, which is the date this notice was sent."). Thus, Plaintiff failed to meet the requirement of Rule 4(d)(1)(F) to give a reasonable time to respond. Plaintiff's motion assumes that Defendants were required to respond within 30 days, *see* Wright Decl. ¶ 4, but this is simply not true. No deadline was set.

**Third**, Plaintiff's request for waiver was ineffective because the case was undergoing screening and no summons had been issued at the time the waiver request was made. A defendant need not pay the costs of service after it declined to sign a waiver where "summons have not issued for service of the complaint because the complaint must be screened." *Messere v. White*, 2012 U.S. Dist. LEXIS 161906, at \*3 (D. Mass. Nov. 9, 2012). Plaintiff sent her waiver requests in August 2023. *See* Wright Decl. ¶¶ 2-3. On September 5, 2023, Chief Judge Swain issued an order stating that "[n]o summons shall issue at this time," as Plaintiff had not paid the required filing fees or submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. 3 at 1. After Plaintiff made an IFP application, it was rejected on September 28, 2023. Dkt. 5. Plaintiff subsequently paid the required fees. This Court directed the Clerk of the Court to issue summonses on November 2, 2023, Dkt. 7, and a summons was issued that same day, Dkt. 8.

**Fourth**, Plaintiff does not purport to have requested a waiver from the individual defendants, Rich Caccapollo, Paul Dacre and Gerard Greaves. A waiver request to an individual must "be in writing and be addressed to the individual defendant." Fed. R. Civ. P. 4(d)(1)(A) (cleaned up); *see Perez v. County of Westchester*, 83 F. Supp. 2d 435, 441 (S.D.N.Y. 2000) (denying motion for reimbursement of service costs where, among other things, waiver request was addressed to defendant's lawyer, not "directly to the defendant"). Plaintiff's requests were addressed to Corporation Service Company and counsel who had represented Defendants during pre-suit discussions in connection with this matter, not to the individuals, *see* Wright Decl., Exs. A, C, D. Moreover, the waiver form itself was addressed only to the corporate defendants. *See id.*, Ex. A. More than half of the costs sought relate to service on individuals, *see id.*, Ex. F. These costs, at the very least, should be denied.

**Fifth**, the waiver form was not sent to Associated Newspapers Ltd., Daily Mail and General Trust PLC, or DMG Media Ltd. When a waiver form is sent to a corporation it must be "in writing and be addressed . . . . to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1). Plaintiff mailed two copies of her waiver packet: (1) to prior counsel for Defendants, *see* Wright Decl. ¶ 3 and Ex. D, and (2) to "Corporation Service Company, Registered Agent for Mail Media [Inc.]," *see id.* ¶ 2 and Ex. C. Simply representing a client

Hon. Andrew L. Carter Jr.
November 30, 2023
Page 3

does not make an attorney an agent for service of process.  *See United States v. Glaister*, 2021 U.S. Dist. LEXIS 76856, at *3-4 (S.D.N.Y. Apr. 21, 2021).  The mailing to Corporation Service Company was specifically in its role as agent for Mail Media Inc., not the other companies.

*Sixth*, costs may not be imposed against Associated Newspapers Ltd., Daily Mail and General Trust PLC, DMG Media Ltd., and Paul Dacre because they are not "located within the United States."  *See* Fed. R. Civ. P. 4(d)(2); *see Steinberg v. Quintet Publ'g Ltd.*, 1999 U.S. Dist. LEXIS 9729, at *6 (S.D.N.Y. June 28, 1999) (denying cost award where defendant "is an English company").  Each of these corporate defendants is a United Kingdom entity headquartered in that country.  Further, Paul Dacre is a citizen of the United Kingdom who lives there.

For each of the foregoing reasons, the request for costs of service should be denied.

Respectfully submitted,

*/s/ Thomas B. Sullivan*

cc:     Plaintiff Hillary Wright (pro se)