**Ballard Spahr LLP**

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Thomas B. Sullivan
Tel: 212.850.6139
Fax: 212.223.1942
sullivant@ballardspahr.com

January 8, 2024

*By Electronic Filing*

Hon. Andrew L. Carter Jr.
U.S. District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:   <u>Wright v. Mail Media Inc. et al.</u>, No. 23 Civ. 7124 (ALC) (S.D.N.Y.)

Dear Judge Carter:

We represent Defendants Mail Media Inc., Associated Newspapers Ltd. ("ANL"), Daily Mail and General Trust PLC, DMG Media Ltd. ("DMG"), Rich Caccappolo, Paul Dacre, and Gerard Greaves ("Defendants").  We write to respectfully request a conference regarding Defendants' intended motions pursuant to Rules 12(b)(2), 12(b)(6), and 12(f).

## **MOTION TO DISMISS**

***First***, this Court lacks personal jurisdiction over Dacre.  Plaintiff bears the burden of demonstrating personal jurisdiction, *see Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010), but the Complaint does not attempt to plead personal jurisdiction over any Defendant, *see* Compl. ¶¶ 4-5.  There is no general jurisdiction over Dacre, a citizen of the United Kingdom who resides there, *see Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017), and none of the requirements of New York's long arm statute are met, *see Trombetta v. Novocin*, 2021 WL 6052198, at *3-5 (S.D.N.Y. Dec. 21, 2021).[1]  Nor can the corporate defendants' New York contacts be attributed to Dacre given the lack of allegations about his personal conduct in connection with Plaintiff's claims.  *Id.* at *5.

***Second***, the state-law claims are preempted by the Copyright Act.  Each of these claims meets both the subject matter and general scope requirement, *see Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 300-02 (2d Cir. 2022), as the underlying basis for each claim is the unauthorized reproduction of Plaintiff's copyrighted photograph (the "Photo").

---

[1] Pursuant to Local Civil Rule 7.2, Defendants are providing to Plaintiff copies of the Westlaw cases cited herein.

Hon. Andrew L. Carter Jr.
January 8, 2024
Page 2

*Third*, for separate reasons, all causes of action should be dismissed against all Defendants other than DMG. Plaintiff has alleged that only DMG copied the Photo and removed its identifying information. *See* Compl. ¶¶ 33, 34, 39, 40, 42. While Plaintiff alleges that the other Defendants had knowledge of or were willfully blind to *other* acts of infringement, *see id.* ¶¶ 78-79, she does not claim any of those defendants had direct involvement in the events that caused her injuries. An "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, Counts 1, 2, 3, 4, 7, 8, and 9, all of which require actual participation in the events causing harm, should be dismissed against these Defendants.[2]

Plaintiff has also failed to plead her claims for secondary infringement (Counts 5 and 6) against these Defendants. Both claims are pleaded in an entirely conclusory way. *See Lixenberg v. Complex Media, Inc.*, 2023 WL 144663, at *3 (S.D.N.Y. Jan. 10, 2023). There are no "fact-based allegations indicating that" any of the individual defendants "played any part at all . . ." in the alleged infringement itself" or "directly profited." *See Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 619-20 (S.D.N.Y. 2013). For the other corporate defendants, Plaintiff does not plead "substantial" participation or knowledge of the specific infringing activity. *See Lefkowitz v. John Wiley & Sons, Inc.*, 2014 WL 2619815, at *11 (S.D.N.Y. June 2, 2014). With respect to vicarious liability, a mere corporate relationship is not enough. *See Banff Ltd. v. Limited, Inc.*, 869 F. Supp. 1103, 1110 (S.D.N.Y. 1994).[3]

The civil conspiracy count fails as to all Defendants, including DMG, under the intracorporate conspiracy doctrine. *See Hatteras Enters. v. Forsythe Cosmetic Grp., Ltd.*, 2019 WL 9443845, at *9 (E.D.N.Y. Jan. 14, 2019). There is also no independent cause of action for conspiracy under New York law. *See Grove Press, Inc. v. Angleton*, 649 F.2d 121, 123 (2d Cir. 1981).

*Finally*, several claims against DMG (and the other Defendants, to the extent this Court finds the claims are adequately pleaded against them) also fail for independent reasons.

*Circumvention of Technological Measures.* Plaintiff has not pleaded with specificity which technological measures were circumvented. *See LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 511 (S.D.N.Y. 2015). To the extent Plaintiff alleges that this claim is based on taking a screenshot of the Photo posted on Instagram, that action does not constitute circumvention because Plaintiff has not alleged that any Defendant "affirmatively …

---

[2] The actual publisher of the Daily Mail website is ANL, not DMG, though Defendants cannot contest this allegation on a motion to dismiss. Defendants would propose that, following the disposition of the other portions of the motion, an amended complaint should be filed substituting ANL for DMG.

[3] These secondary infringement claims must also be dismissed against DMG. *See, e.g., Smith v. Weeknd*, 2019 WL 6998666, at *3 (C.D. Cal. Aug. 23, 2019).

Hon. Andrew L. Carter Jr.
January 8, 2024
Page 3

disable[d] or void[ed]" any measure intended "to prevent them from accessing the copyrighted material." *Id.* at 509.

*Intentional Infliction of Emotional Distress.* Infringement is not extreme and outrageous conduct. *See Harley v. Nesby*, 2012 WL 1538434, at *5 (S.D.N.Y. Apr. 30, 2012). This claim is also time-barred. *See* Compl. ¶ 33; CPLR § 215(3).

*Misappropriation.* Plaintiff's allegations, *see* Compl. ¶ 110, are generally construed by New York courts to give rise to an unfair competition claim, not one for misappropriation. *See Linkco, Inc. v. Fujitsu Ltd.*, 230 F. Supp. 2d 492, 501-02 (S.D.N.Y. 2002).

*Copyright Infringement – Statutory Damages and Attorney's Fees.* Plaintiff cannot recover statutory damages and attorneys' fees for her copyright infringement claim because the work was unpublished and unregistered at the time the infringement allegedly occurred. 17 U.S.C. § 412(1); *see Solid Oak Sketches, LLC v. 2K Games, Inc.*, 2016 WL 4126543, at *2-4 (S.D.N.Y. Aug. 2, 2016). Posting the Photo on Instagram does not constitute publication for purposes of the Copyright Act. *See Feingold v. RageOn, Inc.*, 472 F. Supp. 3d 94, 99-100 (S.D.N.Y. 2020).

## MOTION TO STRIKE

In addition to dismissing the majority of the Complaint for the reasons outlined above, the Court should also strike various paragraphs pursuant to Rule 12(f). Paragraph 52 improperly discusses a settlement offer. *See Kelly v. L.L. Cool J*, 145 F.R.D. 32, 39-40 (S.D.N.Y. 1992), *aff'd without op.*, 23 F.3d 398 (2d Cir. 1994). Paragraphs 54 through 59 and associated footnotes refer to the Daily Mail as a "right-wing tabloid" and describe Defendants' alleged "sordid history," including allegations of a "history of alleged fabrication, sensationalism, plagiarism, copyright infringement, unethical journalistic practices, racism and using criminal methods to obtain personal information of subjects" (footnotes omitted), none of which is relevant to this action, including, once Plaintiff's claim for statutory damages is dismissed, claims of past infringement. *See G-I Holdings v. Baron & Budd*, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002) ("allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones").

For all of these reasons, we respectfully request that the Court schedule a pre-motion conference and, following briefing, grant Defendants' motions dismissing most of the Defendants and claims in this case and striking certain allegations.

Respectfully submitted,

/s/ Thomas B. Sullivan

cc:     Plaintiff Hillary Wright (pro se)