USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1/30/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WRIGHT,**<br><br>                              **Plaintiff,**<br><br>                   -against-<br><br>**MAIL MEDIA INC.,** *et al.*,<br><br>                              **Defendants.** | **23-cv-07124 (ALC)**<br><br>**ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

The Court is in receipt of the Plaintiffs' November 27, 2023 motion for costs of service docketed at ECF No. 16. For the reasons stated herein, Plaintiffs' motion for costs is **DENIED**.

Where a civil plaintiff located in the United States makes a sufficient request for a defendant located in the United States to waive service and said defendant fails to do so, Federal Rule of Civil Procedure 4(d)(2) states that the "court must impose on the defendant" costs and expenses incurred in making service inclusive of attorney's fees for any motions required to collect such services. Rule 4(d)(1) sets out the requirements for a valid waiver request; this rule states that the notice and request must: (1) be in writing and be addressed either to the individual defendant or to an officer or agent authorized to receive service, (2) name the court where the complaint was filed, (3) include a copy of the complaint, 2 copies of the waiver form, and a prepaid means for returning the form, (4) inform the defendant of the consequences of waiving or not waiving service, (5) state the date when the request is sent, (6) give the defendant at least 30 days, or at least 60 days if the defendant is outside the judicial district of the United States, to return the waiver, and (7) be sent by first-class mail or other reliable means. Fed. R. Civ. P. 4(d)(1).

While "the procedural requirements of Rule 4(d)(1) are a condition precedent to a demand for costs for refusal to waive service," *Kumaran v. Vision Fin. Mkts., LLC*, 338 F.R.D. 17, 18

(S.D.N.Y. 2021), "[a] plaintiff need only show substantial compliance with the requirements under Rule 4(d)(1)" to be awarded costs. *United States v. Glaister*, 2021 U.S. Dist. LEXIS 76856 at *1 (S.D.N.Y. Apr. 21, 2021). Generally, courts "are reluctant to excuse a defendant's failure to waive service based on 'technical errors' that do not prejudice the defendant." *Brinks Glob. Servs. USA, Inc. v. Bonita Pearl Inc.*, No. 22-CV-6653 (PGG) (BCM), 2023 U.S. Dist. LEXIS 142069, at *10 (S.D.N.Y. Aug. 14, 2023) (quoting *Stapo Indus v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 126 (S.D.N.Y. 1999)); *see also Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, 2020 U.S. Dist. LEXIS 118230, 2020 WL 3892360, at *4 (D.N.J. July 2, 2020) (stating that good cause defenses to a Rule 4(d)(2) motion is "available only in rare circumstances").

A plaintiff may show substantial compliance with the requirements of Rule 4(d)(1), for example, even when addressing notices to a corporation generally instead of to an individual corporate officer or agent, *Phx. Entm't Partners, LLC v. Sing Sing Bell Inc.*, 2016 U.S. Dist. LEXIS 6156, at *5 (S.D.N.Y. Jan. 19, 2016); *see also Stapo*, 190 F.R.D. at 125-126, where only one rather than two copies of the waiver form were issued, *Dymits v. Am. Brands, Inc.*, No. C 96-1897 CW, 1996 U.S. Dist. LEXIS 19742, at *44 (N.D. Cal. Dec. 31, 1996), or when portions of a waiver form are altered or omitted. *Id.* In contrast, "[a] plaintiff's failure to include a stamped, self-addressed envelope in the mailing to the defendant may forfeit a costs sanction altogether." *Mason Tenders Dist. Council Pension Fund v. Messera*, 95 Civ. 9341 (RWS), 1997 U.S. Dist. LEXIS 3840, at *15 (S.D.N.Y. Mar. 30, 1997) (citing *Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087 (4th Cir. 1984)); *see also Kumaran*, 3387 F.R.D. at 18 (denying costs where a plaintiff failed to include a self-addressed, stamped envelope when notice was sent via email).

Plaintiff filed the Complaint on August 11, 2023.  ECF No. 1.  Plaintiff then sent Rule 4 notice and waiver request forms to Defendants Mail Media INC's registered agent and prior counsel on August 12, 2023.  ECF No. 17 ("Wright Decl."), ¶¶ 2-3.  Defendants state that Plaintiff did not include a prepaid means for returning the form with the forms.  ECF No. 25 ("Def. Mem. Opp. Costs) 1.  Indeed, a subsequent email correspondence to Defendants' prior counsel sent by Plaintiffs' agent "recogniz[es] . . . that the mailing may not have included self-addressed stamped envelopes."  Wright Decl. Ex. E.  While Plaintiff's December 8, 2023 Declaration states that Plaintiff believes that appropriate mailing envelopes were included, there is no other evidence in the record to support that assertion.  ECF No. 32 ("Wright Decl. II") 1.  Plaintiffs' failure to include self-addressed stamped envelopes constitutes a failure to substantially comply with Rule 4(d)(1)'s procedural requirements and Plaintiff's motion is therefore **DENIED**.

**SO ORDERED.**

Dated:   **January 30, 2024**
         **New York, New York**

_____
 **ANDREW L. CARTER, JR.**
 **United States District Judge**

3