**Ballard Spahr LLP**

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Thomas B. Sullivan
Tel: 212.850.6139
Fax: 212.223.1942
sullivant@ballardspahr.com

July 9, 2024

*By Electronic Filing*

Hon. Andrew L. Carter Jr.
U.S. District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:   *Wright v. Mail Media Inc. et al.*, No. 23 Civ. 7124 (ALC) (S.D.N.Y.)

Dear Judge Carter:

We represent Defendants Mail Media Inc., Associated Newspapers Ltd., DMG Media Ltd., and Daily Mail and General Trust PLC (collectively, "Defendants"). We write to respectfully request a conference regarding Defendants' intended motion to dismiss Plaintiff's First Amended Complaint, ECF No. 51 ("Am. Compl."), pursuant to Rule 12(b)(6). The Amended Complaint, filed in response to Defendants' prior dismissal motion, *see* ECF No. 42, removes the individual defendants entirely as well as a number of state law claims, but fails to correct a number of other deficiencies and introduces a significant new one.

**First**, each claim fails due to improper group pleading. Rule 8 requires that Plaintiff give each individual defendant notice of the conduct that caused her harm. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (finding that a complaint which "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct" failed to meet the standard of Rule 8). The Amended Complaint falls well short of this standard. Plaintiff now refers to all four remaining Defendants collectively as "Daily Mail," Am. Compl. at 1, and alleges that this collective unit engaged in the activity that harmed her, *see, e.g., id.* ¶¶ 87 ("Daily Mail or its agent copied Plaintiff's Photo in its entirety."); 89 ("Daily Mail or its agent circumvented the measure put in place by Instagram that restrains users from downloading files from its platform."); 93 ("Daily Mail, or its agent, removed Plaintiff's Instagram handle from the Article and its Website."). The fact that Defendants share corporate affiliation does not relieve Plaintiff of her pleading requirements. *See Plusgrade L.P. v. Endava Inc.*, 2023 WL 2402879, at *5 (S.D.N.Y. Mar. 8, 2023) ("The fact that two separate legal entities may have a corporate affiliation does not alter the Rule 8 pleading requirement that a defendant is entitled to notice of the claims brought against it." (cleaned up)).

***Second***, Plaintiff's unfair competition claim separately fails because it is preempted by the Copyright Act.  As Defendants previously described, state law claims are preempted "to the extent that they assert rights equivalent to those protected by the Copyright Act, in works of authorship within the subject matter of federal copyright." *Jackson v. Roberts*, 972 F.3d 25, 34 (2d Cir. 2020).  Plaintiff has abandoned all but one of her state law claims, but her remaining unfair competition claim also cannot stand.

Courts have consistently held that unfair competition claims are preempted where they are "grounded solely in the copying of a plaintiff's protected expression." *See Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co.*, 2019 WL 804506, at *10 (S.D.N.Y. Feb. 21, 2019) (collecting cases for dismissal of unfair competition claims as preempted). The basis of Plaintiff's claim is the unauthorized reproduction of her photograph (the "Photo"), meeting the subject matter and general scope requirements for preemption.  *See Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 300-02 (2d Cir. 2022).  Specifically, the Amended Complaint appears to attempt to allege a so-called "reverse passing off" claim, a claim that Defendants copied Plaintiff's Photo and misrepresented the work as their own. *See* Am. Compl. ¶¶ 100, 131.  "It is well-settled that a claim for reverse passing off predicated on the theory that defendant's product replicates plaintiff's expressions contains no extra element and is therefore preempted." *Shepard v. European Pressphoto Agency*, 291 F. Supp. 3d 465, 476 (S.D.N.Y. 2017).

Moreover, Plaintiff's contention that Defendants' use of the Photo is "likely to deceive the public into believing that Plaintiff authorized, sponsored, endorsed or affiliated the Daily Mail," Am. Compl. ¶ 132, is implausible, as Plaintiff also alleges that Defendants included "no gutter credit" or any other information identifying Plaintiff as the copyright owner or author, *see id.* ¶¶ 95-98, 133.

***Third***, Plaintiff fails to allege any bad faith, which is necessary to state a claim for unfair competition under New York law. *See Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*, 784 F. Supp. 2d 441, 447 (S.D.N.Y. 2011) (dismissing unfair competition claim where the complaint did not allege any facts that defendant's actions—except the copying itself—were done in bad faith).

***Fourth***, Plaintiff's circumvention of technological measures claim independently fails because Plaintiff still does not adequately allege the existence of specific technological measures controlling access to the Photo.  Plaintiff alleges that Defendants "used a technology available to download or otherwise make a copy of the Photo, despite Instagram and X's technologic measures put in place to restrain users from downloading files uploaded to each platform." Am. Compl. ¶ 91.  While the Amended Complaint alleges on information and belief that each site's "website and app code . . . restrains a user from downloading the other users' files," *id.* ¶¶ 30-31, it does not provide any specifics about what this "technologic measure" actually is, which is fatal to Plaintiff's claim.  *See LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 511 (S.D.N.Y. 2015) ("Without specifying the technological measure, the [complaint] does not provide [defendants] with adequate notice

Hon. Andrew L. Carter Jr.
July 9, 2024
Page 3

of the claim . . . ."). Nor does it explain how these measures were bypassed. *See Bungie, Inc. v. Aimjunkies.com*, 2022 WL 16853626, at *3 n.1 (W.D. Wash. Nov. 10, 2020).

In addition, Plaintiff's new pleading presents the same erroneous theory as the original: that Defendants circumvented measures meant to protect the copyright of the Photo, not measures to prevent *access* to it. *See, e.g.*, Am. Compl. ¶ 53 (alleging that thousands of people accessed the Photo on Instagram and X). Plaintiff tries to plead around this problem by alleging that online platforms restrain their "users' freedom or ability to access the location where downloadable files are stored by the platform and download them." *Id.* ¶ 127. This is just another way of stating that Defendants did not have authorization to *copy* the Photo. This theory misconstrues the DMCA's anti-circumvention provision, which does not allow recovery for circumvention of technological measures that "permit access to copyrighted work, but restrict copying." *Hattler v. Ashton*, 2017 WL 11634742, at *8 (C.D. Cal. Apr. 20, 2017); *see also MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 945, 947-48 (9th Cir. 2010) (noting that the anti-circumvention provision offered copyright owners a "new" right to encourage them to "make their works available in digital formats such as 'on-demand' or 'pay-per-view'" and that there was no need to "prohibit circumvention itself because such conduct was already outlawed as copyright infringement").

For all of these reasons, we respectfully request that the Court schedule a pre-motion conference and, following briefing, grant Defendants' motion to dismiss.

Respectfully submitted,

*/s/ Thomas B. Sullivan*

cc:     All counsel of record (*via ECF*)