**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

HILLARY WRIGHT,                                            :
                                                           :
                                                           :     No. 23 Civ. 7124 (AJC)
                          Plaintiff,                       :
                                                           :
                                                           :     ECF Case
          -against-                                        :
                                                           :
                                                           :
MAIL MEDIA INC., DMG MEDIA LTD,                            :
ASSOCIATED NEWSPAPERS LTD, DAILY MAIL                      :
AND GENERAL TRUST PLC,                                     :
                                                           :
                                                           :
                          Defendants.                      :
                                                           :
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Thomas B. Sullivan                          Kennison Lay (admitted *pro hac vice*)
Anna Kaul                                   BALLARD SPAHR LLP
BALLARD SPAHR LLP                           1 E. Washington St., Suite 2300
1675 Broadway, 19th Floor                   Phoenix, AZ 85004
New York, NY 10019                          Tel: (602) 798-5573
Tel: (212) 850-6139                         Fax: (602) 798-5596
Fax: (212) 223-1942                         layk@ballardspahr.com
sullivant@ballardspahr.com
kaula@ballardspahr.com


*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 1

ARGUMENT ....................................................................................................................... 3

I.      PLAINTIFF'S CLAIMS FAIL DUE TO IMPROPER GROUP PLEADING ................... 4

II.     PLAINTIFF'S UNFAIR COMPETITION CLAIM INDEPENDENTLY
        FAILS ....................................................................................................................... 6

        A.      Plaintiff's Unfair Competition Claim Is Preempted ................................... 7

        B.      Plaintiff Does Not Allege the Requisite Bad Faith ................................... 10

III.    PLAINTIFF'S CIRCUMVENTION OF TECHNOLOGICAL MEASURES
        CLAIM IS ALSO UNAVAILING .............................................................................. 11

CONCLUSION .................................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Adamou v. Cnty. of Spotsylvania, Va.*,
  No. 12 Civ. 7789 (ALC) (SN), 2016 WL 1064608 (S.D.N.Y. Mar. 14, 2016) ........................4

*In re Aluminum Warehousing Antitrust Litig.*,
  No. 13-md-2481 (KBF), 2015 WL 1344429 (S.D.N.Y. Mar. 23, 2015) ...................................6

*Am. Sales Co. v. AstraZeneca AB*,
  No. 10 Civ. 6062 (PKC), 2011 WL 1465786 (S.D.N.Y. Apr. 14, 2011) .................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................................3, 4

*Atuahene v. City of Hartford*,
  10 F. App'x 33 (2d Cir. 2001) ..............................................................................................4

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*,
  373 F.3d 296 (2d Cir. 2004)..............................................................................................7, 8

*In re Digital Music Antitrust Litig.*,
  812 F. Supp. 2d 390 (S.D.N.Y. 2011)....................................................................................6

*Dish Network LLC v. World Cable Inc.*,
  893 F. Supp. 2d 452 (S.D.N.Y. 2012)..................................................................................15

*Durham Indus., Inc. v. Tomy Corp.*,
  630 F.2d 905 (2d Cir. 1980)..............................................................................................8, 9

*In re Elevator Antitrust Litig.*,
  502 F.3d 47 (2d Cir. 2007).....................................................................................................5

*Empresa Cubana del Tabaco v. Culbro Corp.*,
  399 F.3d 462 (2d Cir. 2005)................................................................................................10

*Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*,
  784 F. Supp. 2d 441 (S.D.N.Y. 2011)...............................................................................9, 10

*Faulkner v. Nat'l Geographic Soc'y*,
  211 F. Supp. 2d 450 (S.D.N.Y. 2002)....................................................................................8

*Hattler v. Ashton*,
  No. LA CV16-04099 JAK (KSx), 2017 WL 11634742 (C.D. Cal. Apr. 20,
  2017) .........................................................................................................................13, 14, 15

*Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*,
    497 F. Supp. 2d 627 (E.D. Pa. 2007) ........................................................................13

*ID Tech LLC v. Bayam Grp.*,
    No. 19 Civ. 8439 (VF), 2023 WL 2688290 (S.D.N.Y. Mar. 29, 2023)......................9

*Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*,
    32 F.3d 697 (2d Cir. 1994)........................................................................................1

*Jackson v. Roberts*,
    972 F.3d 25 (2d Cir. 2020)....................................................................................7, 8

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*,
    58 F.3d 27 (2d Cir. 1995)........................................................................................10

*Joint Stock Co. Channel One Russia Worldwide v. Inofmir LLC*,
    No 16 Civ. 1318 (GBD) (BCM), 2017 WL 696126 (S.D.N.Y. Feb. 15, 2017) .....12

*Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co.*,
    No. 18 Civ. 2318 (LGS), 2019 WL 804506 (S.D.N.Y. Feb. 21, 2019)....................8

*Kregos v. Associated Press*,
    3 F.3d 656 (2d Cir. 1993)..........................................................................................9

*LivePerson, Inc. v. 24/7 Customer, Inc.*,
    83 F. Supp. 3d 501 (S.D.N.Y. 2015)................................................................12, 15

*Macrovision v. Sima Prods. Corp.*,
    No. 05 Civ. 5587 (RO), 2006 WL 1472152 (S.D.N.Y. May 26, 2006)...................14

*Matson v. Bd. of Educ.*,
    631 F.3d 57 (2d Cir. 2011).....................................................................................3, 4

*MDY Indus., LLC v. Blizzard Ent., Inc.*,
    629 F.3d 928 (9th Cir. 2010) ............................................................................14, 15

*Melendez v. Sirius XM Radio, Inc.*,
    50 F.4th 294 (2d Cir. 2022) .................................................................................7, 8

*Moshik Nadav Typography LLC v. Banana Republic, LLC*,
    No. 20-CV-8325 (JMF), 2021 WL 2403724 (S.D.N.Y. June 10, 2021) ................10

*Nat'l Basketball Ass'n v. Motorola, Inc.*,
    105 F.3d 841 (2d Cir. 1997).....................................................................................11

*Nesbeth v. NYC Mgm't LLC*,
    No. 17 Civ. 8650 (JGK), 2019 WL 110953 (S.D.N.Y. Jan. 4, 2019).......................4

*Pirone v. MacMillan, Inc.*,
    894 F.2d 579 (2d Cir. 1990).................................................................................10

*Plusgrade L.P. v. Endava Inc.*,
    No. 21 Civ. 1530 (MKV), 2023 WL 2402879 (S.D.N.Y. Mar. 8, 2023) .............................5, 6

*Redcell Corp. v. A.J. Trucco, Inc.*,
    20 Civ. 18 (AT), 2022 WL 683007 (S.D.N.Y. Mar. 8, 2022) ................................10

*Shepard v. Eur. Pressphoto Agency*,
    291 F. Supp. 3d 465 (S.D.N.Y. 2017)...................................................................8, 9

*Silverstein v. Penguin Putnam, Inc.*,
    522 F. Supp. 2d 579 (S.D.N.Y. 2007)..................................................................9, 11

*United States v. Bestfoods*,
    524 U.S. 51 (1998)..................................................................................................6

*Universal City Studios, Inc. v. Corley*,
    273 F.3d 429 (2d Cir. 2001).............................................................................11, 14

*Urbont v. Sony Music Ent.*,
    831 F.3d 80 (2d Cir. 2016)......................................................................................7

*Yout, LLC v. Recording Industry Association of America, Inc.*,
    633 F. Supp. 3d 650 (D. Conn. 2022)...............................................................13, 14

## Statutes

17 U.S.C. § 102................................................................................................................7, 8

17 U.S.C. § 301................................................................................................................7, 8

17 U.S.C. § 1201 ....................................................................................................... *passim*

## Other Authorities

Fed. R. Civ. P. 8..................................................................................................................4

H.R. Rep. No. 105-551 (1998)............................................................................................15

Defendants Mail Media Inc., Associated Newspapers Ltd., DMG Media Ltd., and Daily Mail and General Trust plc (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6).

## PRELIMINARY STATEMENT

This is the second attempt by Plaintiff Hillary Wright ("Plaintiff") to bring various claims arising from the use of a photograph in a news article published online. In her new complaint, Plaintiff has abandoned her claims against the former individual defendants but maintains her claims against four corporate entities. Throughout the Amended Complaint, Plaintiff's allegations improperly group all of the remaining Defendants together without attributing any specific conduct to any of them individually. All claims should be dismissed on this basis alone. And while Plaintiff's renewed attempt abandons many of her ill-fated state law claims, Plaintiff's unfair competition claim still cannot stand. This claim merely restates Plaintiff's copyright infringement claim, and it is therefore preempted. Moreover, Plaintiff's allegations lack any indicia that Defendants acted with the bad faith necessary to support an unfair competition claim. In addition, Plaintiff's circumvention of technological measures claim once again misses the mark because it merely asserts that Defendants copied her work without authorization, which is squarely outside the scope of the Digital Millennium Copyright Act's anti-circumvention provision. The Amended Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS[1]

Plaintiff, then acting *pro se*, originally commenced this action on August 11, 2023, alleging ten causes of action against seven individual and corporate defendants arising out of the

---

[1] For purposes of this Motion only, Defendants accept the Amended Complaint's allegations as true. *See Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699-700 (2d Cir. 1994).

alleged "unauthorized copying, reproduction, distribution and public display" of a photograph (the "Photo").  ECF No. 1.  Defendants moved to dismiss the Complaint on March 8, 2024.  *See* ECF No. 42.  While that motion was pending, Plaintiff, who is now represented by counsel, filed her Amended Complaint, removing the individual defendants entirely and a number of state claims.  *See* ECF No. 51 ("Am. Compl.").

There are four remaining defendants in this case: Mail Media Incorporated, Associated Newspapers Limited, DMG Media Limited, and Daily Mail and General Trust PLC.  *See* Am. Compl. at 1.  These four related but distinct corporations are referred to collectively in the Amended Complaint as "Daily Mail."  *Id.*  The Amended Complaint alleges that "Daily Mail," not any specific individual Defendant, "copied Plaintiff's photo from [a] social media platform that restrains copying content, removed Plaintiff's identifying information from the photo, and then published an unauthorized copy of her photo in its own news article."  *Id.* ¶ 2; *see also, e.g.*, *id.* ¶ 86 ("An agent for the Daily Mail found Plaintiff's Photo on social media and copied the Photo."); *id.* ¶ 87 ("Daily Mail or its agent copied Plaintiff's Photo in its entirety."); *id.* ¶ 91 ("On [i]nformation and belief, Daily Mail or its agent, used a technology available to download or otherwise make a copy of the Photo, despite Instagram and X's technologic measures put in place to restrain users from downloading files uploaded to each platform."); *id.* ¶ 96 ("Upon information and belief, Daily Mail, or its agent, removed Plaintiff's name from the Photo. Daily Mail or its agent did not have authority from Plaintiff to do so."); *id.* ¶ 100 ("On information or belief, Daily Mail did not put a gutter credit on Plaintiff's Photo within the Article in an attempt to pass the Photo off as its own photo."); *id.* ¶ 114 ("Daily Mail knew that the CMI was removed from the Photo without the authority or consent of Plaintiff.").

In addition to claiming copyright infringement arising out of this conduct, *id.* ¶¶ 118-20,

Plaintiff alleges that Defendants engaged in unfair competition, *id.* ¶¶ 129-33, and that Defendants violated two provisions of the Digital Millennium Copyright Act that prohibit removing copyright management information, *id.* ¶¶ 121-25, and circumventing technological measures that control access to a copyrighted work, *id.* ¶¶ 126-28.  In the sections of the Amended Complaint discussing the specific causes of action, again "Daily Mail," not any specific Defendant, is alleged to have committed the acts in question.  *See id.* ¶¶ 120, 123-25, 128, 130-33.

On July 9, 2024, Defendants filed a letter explaining the grounds for their motion to dismiss Plaintiff's Amended Complaint.  *See* ECF No. 52.  Plaintiff did not file a response.  The Court granted Defendants leave to file the instant motion to dismiss on July 17, 2024.  *See* ECF No. 53.

## **ARGUMENT**

Plaintiff's attribution of all conduct to the composite entity "Daily Mail" is improper group pleading.   For this reason alone, all claims must fail.  Separately, Plaintiff's unfair competition claim fails because it is preempted by the Copyright Act and because Plaintiff does not plead bad faith.  Finally, Plaintiff's circumvention of technological measures claim independently fails because Plaintiff does not allege the conduct apparently violating the Digital Millennium Copyright Act with any specificity and, regardless, seeks to recover solely for unauthorized copying, which is outside the law's scope.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  This requires the pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (cleaned up).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (cleaned up).

## I.    PLAINTIFF'S CLAIMS FAIL DUE TO IMPROPER GROUP PLEADING

Plaintiff's claims should be dismissed in their entirety because the Amended Complaint engages in group pleading.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While this rule "does not require detailed factual allegations," it does "demand more than an unadorned, the defendant-unlawfully-harmed-me-accusation."  *Iqbal*, 556 U.S. at 678 (cleaned up).  "It is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes, and that Rule 8(a) is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it."  *Nesbeth v. NYC Mgm't LLC*, No. 17 Civ. 8650 (JGK), 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019) (cleaned up); *accord Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("plaintiff cannot merely "lump[ ] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct").  "Pleadings that fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim."  *Adamou v. Cnty. of Spotsylvania, Va.*, No. 12 Civ. 7789 (ALC) (SN), 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016).

The Amended Complaint repeatedly refers to all four Defendants collectively as "Daily Mail," Am. Compl. at 1, and alleges that this collective unit engaged in the conduct giving rise to her claims.  Specifically, Daily Mail, not any particular Defendant, is alleged to have, together in some cases with "its" agent, (1) copied the Photo, *id.* ¶ 87; (2) circumvented technological measures on Instagram or Twitter, *id.* ¶¶ 89-90; (3) removed Plaintiff's name and/or Instagram handle, *id.* ¶¶ 93-97; (4) attempted to pass the Photo off as "its" own photo, *id.* ¶ 100; and (5)

and had knowledge that copyright management information was removed and that "its" distribution of the Photo would induce, enable, or conceal infringement, *id.* ¶¶ 114-17.  *See also id.* ¶ 2 (summarizing allegations against "Daily Mail").  The repeated references to the "Daily Mail" collective entity is improper group pleading, as this does not not "offer 'specification' as to the 'particular activities by any particular defendant" which underlie the claims at issue here. *See Am. Sales Co. v. AstraZeneca AB*, No. 10 Civ. 6062 (PKC), 2011 WL 1465786, at *5 (S.D.N.Y. Apr. 14, 2011) (quoting *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)).  By failing to offer this specificity, the Amended Complaint "precludes each of the [four] defendants from knowing what conduct it is alleged to have performed and, thus, against which allegations it must defend."  *Plusgrade L.P. v. Endava Inc.*, No. 21 Civ. 1530 (MKV), 2023 WL 2402879, at *6 (S.D.N.Y. Mar. 8, 2023).

Plaintiff also alleges, on "information and belief," that all Defendants except Daily Mail and General Trust plc, "are involved in the day-to-day operations of running the website" and "have employees, independent contractors, and agents that are involved in the day-to-day operations of the Website."  Am. Compl. ¶¶ 55-56.  Similarly, all Defendants are alleged to be "signatories to contracts that are related to the day-to-day operations of the Website."  *Id.* ¶ 60. While these allegations are not pleaded against "Daily Mail," again Plaintiff makes no attempt to distinguish between the various Defendants' roles.  Of course, even if Plaintiff had offered more specifics, general involvement in day-to-day operations would still not establish that any of the Defendants were involved in the acts of infringement, unfair competition, removal of copyright management information, and circumvention of technological measures that form the basis for Plaintiff's claims.

The fact that Defendants share corporate affiliation does not relieve Plaintiff of her responsibility to meet the pleading requirements. "The fact that two separate legal entities may have a corporate affiliation does not alter the Rule 8 pleading requirement that a defendant is entitled to notice of the claims brought against it." *Plusgrade*, 2023 WL 2402879, at *5 (cleaned up). Indeed, "courts appropriately and routinely adhere to legal separateness." *Id.* (quoting *In re Aluminum Warehousing Antitrust Litig.*, No. 13-md-2481 (KBF), 2015 WL 1344429, at *2 (S.D.N.Y. Mar. 23, 2015)). Plaintiff makes no attempt to demonstrate that collapsing the corporations into one entity, "Daily Mail," is appropriate here. There is no suggestion, for example, that any corporate formalities have been ignored. *See id.* (dismissal warranted where there "are no allegations that corporate formalities have been ignored as between *each and every* defendant, such that all defendants may [be] joined for the purposes of group pleading" (emphasis in original)); *see also In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 417 (S.D.N.Y. 2011) (recognizing the "general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries" (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998))).

Plaintiff's allegations are not only opaque, but they are also at times confusing. For example, at one point Plaintiff alleges that an unspecified "Defendant [d]istributed the Photo through its Website." Am. Compl. ¶ 113.

Because the Amended Complaint fails to satisfy Rule 8, all claims should be dismissed against all Defendants.

## II.    PLAINTIFF'S UNFAIR COMPETITION CLAIM INDEPENDENTLY FAILS

Plaintiff's unfair competition claim should be dismissed for two additional reasons. First, because the claim simply reiterates Plaintiff's copyright infringement claim, it is preempted by

the Copyright Act.  Second, Plaintiff fails to allege any bad faith, which is necessary to state a claim for unfair competition under New York law.

### A.     Plaintiff's Unfair Competition Claim Is Preempted

Plaintiff's unfair competition claim is preempted by Section 301 of the Copyright Act, which "preempts state law claims to the extent that they assert rights equivalent to those protected by the Copyright Act, in works of authorship within the subject matter of federal copyright." *Jackson v. Roberts*, 972 F.3d 25, 34 (2d Cir. 2020).  Although preemption is an affirmative defense, dismissal is appropriate if it "is evident from the face of the complaint." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 300 (2d Cir. 2022).

Under Section 301,

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright . . . are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).  The Copyright Act thus "preempts state law claims asserting rights equivalent to those protected within the general scope of the statute." *Urbont v. Sony Music Ent.*, 831 F.3d 80, 93 (2d Cir. 2016).  The Second Circuit conducts a two-part analysis to determine if statutory preemption applies. *Jackson*, 972 F.3d at 42.

The first requirement for statutory preemption is the "subject matter prong." *Id.* at 43 (cleaned up).  This "looks at the work that would be affected by the plaintiff's exercise of a state-created right, and requires (as an essential element of preemption) that the work come within the subject matter of copyright as specified by sections 102 and 103." *Id.* at 42 (cleaned up); *see Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004).  Here, the Photo is a "pictorial" work of authorship under the Copyright Act and is thus a copyrightable work. *See* 17

U.S.C. § 102(a)(5); *see also Faulkner v. Nat'l Geographic Soc'y*, 211 F. Supp. 2d 450, 476 (S.D.N.Y. 2002) (photograph was "indisputably within the ambit of copyright protection").  The first requirement is satisfied.

The second part of statutory preemption is the "general scope or equivalence requirement."  *Melendez*, 50 F.4th at 301 (cleaned up).  To meet this requirement, the right asserted by the plaintiff must be "equivalent to any of the exclusive rights within the general scope of copyright."  17 U.S.C. § 301(b)(3); *see Jackson*, 972 F.3d at 52.  "In other words, the challenged act must 'by itself, infringe one of the exclusive rights provided by federal copyright law' through 'reproduction, adaptation, performance, distribution or display.'"  *Melendez*, 50 F.4th at 307 (quoting *Briarpatch*, 373 F.3d at 305).

The second requirement is met here because Plaintiff's unfair competition claim is based on the alleged unauthorized reproduction of the Photo.  Plaintiff alleges that Defendants "took Plaintiff's Photo and used it in a manner that competed with Plaintiff," Am. Compl. ¶ 131, or, in other words, that Defendants copied and published the Photo.  *See also id.* ¶ 102 ("On information and belief, Daily Mail's use of the Photo competed with Plaintiff's use of the Photo. It limited her ability to license it to others.  And people who liked the Photo went to Daily Mail as the source of the Photo and not Plaintiff.").  Courts have consistently held that unfair competition claims are preempted where, as here, they are "grounded solely in the copying of a plaintiff's protected expression."  *Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co.*, No. 18 Civ. 2318 (LGS), 2019 WL 804506, at *10 (S.D.N.Y. Feb. 21, 2019) (collecting cases dismissing unfair competition claims as preempted); *see also Shepard v. Eur. Pressphoto Agency*, 291 F. Supp. 3d 465, 475 (S.D.N.Y. 2017) ("The Second Circuit long ago held that unfair competition claims based on copying of copyrighted materials are preempted by section

301 of the Copyright Act." (citing *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 919 (2d Cir. 1980))).

Plaintiff's allegation that Defendants "did not put a gutter credit on Plaintiff's photo . . . in an attempt to pass the Photo off as its own Photo," *see* Am. Compl. ¶ 100; *see also id.* ¶ 133 ("Daily Mail did not provide attribution to Plaintiff in connection with the Photo"), does not alter this analysis. A claim that the defendant misrepresented the plaintiff's work as its own is a so-called "reverse passing off claim." *See ID Tech LLC v. Bayam Grp.*, No. 19 Civ. 8439 (VF), 2023 WL 2688290, at *10 n.6 (S.D.N.Y. Mar. 29, 2023). "It is well-settled that a claim for reverse passing off predicated on the theory that defendant's product replicates plaintiff's expressions contains no extra element and is therefore preempted." *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 608 (S.D.N.Y. 2007). This includes scenarios, like this one, where the defendant is alleged to have left off an attribution entirely. *See Kregos v. Associated Press*, 3 F.3d 656, 666 (2d Cir. 1993) (unfair competition claim alleging that a newspaper did not "not expressly attribut[e] the work to someone else, impl[ying] that the [work] was the creation of a person on the newspaper's staff" was "equivalent to copyright").

Plaintiff also contends that Defendants' use of the Photo is "likely to deceive the public into believing that Plaintiff authorized, sponsored, endorsed or affiliated [with] the Daily Mail," Am. Compl. ¶ 132, because "consumers who were aware that the Photo originated from Plaintiff believed that Ms. Wright sponsored Daily Mail's use of the Photo," *id.* ¶ 100. This again is a claim based on copying and harm arising from it, which is therefore preempted. *Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*, 784 F. Supp. 2d 441, 447 (S.D.N.Y. 2011).

This entirely conclusory allegation is also inconsistent with the preceding claim that the Defendants included "no gutter credit" or any other information that would identify Plaintiff as

the copyright owner or author, and therefore that consumers would believe that the Photo belonged to Daily Mail. *See id.* ¶¶ 95-98, 133. The Court need not take allegations as true that "are internally inconsistent or contradictory." *Redcell Corp. v. A.J. Trucco, Inc.*, 20 Civ. 18 (AT) (SLC), 2022 WL 683007, at \*5 (S.D.N.Y. Mar. 8, 2022). However, even if it were not inconsistent with Plaintiff's other allegations, it is simply implausible that any reader would assume sponsorship from the mere uncredited appearance of Plaintiff's photograph in an article. *See Pirone v. MacMillan, Inc.*, 894 F.2d 579, 584 (2d Cir. 1990) (use of photograph of Babe Ruth on cover of calendar would not reasonably be believed to suggest sponsorship).

Plaintiff's unfair competition claim is preempted and should be dismissed.

### B.    Plaintiff Does Not Allege the Requisite Bad Faith

Plaintiff's claim also fails because she does not allege any bad faith, which is necessary to state a claim for unfair competition under New York law. "The essence of unfair competition under New York common law is the *bad faith* misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995) (cleaned up) (emphasis added). "[U]nder binding Second Circuit precedent, 'bad faith *must* be demonstrated for a claim of unfair competition under New York law.'" *Moshik Nadav Typography LLC v. Banana Republic, LLC*, No. 20-CV-8325 (JMF), 2021 WL 2403724, at \*3 (S.D.N.Y. June 10, 2021) (emphasis in original) (quoting *Empresa Cubana del Tabaco v. Culbro Corp.*, 399 F.3d 462, 485 (2d Cir. 2005)). Bad faith cannot be inferred from the act of copying alone. *See Eyal*, 784 F. Supp. 2d at 447. The only potential allegation of bad faith is Defendants' alleged copying, which is insufficient to support an unfair competition claim.[2]

---

[2] To the extent that Plaintiff alleges that Defendants' copying and publishing of the Photo was "[p]redatory," Am. Compl. ¶ 4, which is itself conclusory, this allegation does not support the

For the foregoing reasons, Plaintiff's conclusory allegations that Defendants engaged in unfair competition, *see, e.g.*, Am. Compl. ¶ 130, do not suffice to state a claim against any Defendant.

### III.   PLAINTIFF'S CIRCUMVENTION OF TECHNOLOGICAL MEASURES CLAIM IS ALSO UNAVAILING

In addition to being the subject of improper group pleading, Plaintiff's claim for circumvention of technological measures under the Digital Millennium Copyright Act ("DMCA") fails because Plaintiff does not adequately allege the existence of technological measures controlling access to the Photo.  The DMCA was designed to "back[] with legal sanctions the efforts of copyright owners to protect their works from piracy behind digital walls such as encryption codes or password protections." *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 435 (2d Cir. 2001).  The law protects against circumvention of these digital walls (the "anti-circumvention provisions") and against trafficking in a technology designed to circumvent these walls (the "anti-trafficking provisions").  *Id.*  At issue here is the anti-circumvention provision, Section 1201(a)(1), which provides that "[n]o person shall circumvent a technological measure that effectively controls access to work protected under this title."  17 U.S.C. § 1201(a)(1)(A).  Plaintiff suggests that copying copyrighted material from a website that does not allow downloading amounts to circumvention of access controls.  *See* Am. Compl. ¶¶ 127-28.  Her allegations are insufficient to state a claim.

As an initial matter, Plaintiff does not allege what "technological measure" was

---

type of bad faith that would differentiate the unfair competition claim from one for copyright infringement.  "The Second Circuit has held that New York's 'misappropriation doctrine based on amorphous concepts such as "commercial immorality" or society's "ethics" is preempted' because '[s]uch concepts are virtually synonymous for wrongful copying and are in no meaningful fashion distinguishable from infringement of a copyright.'"  *Silverstein*, 522 F. Supp. 2d at 609 (quoting *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 851 (2d Cir. 1997)).

"circumvented" with any specificity.  A "technological measure" under the anti-circumvention provision "effectively controls access to a work" if it, "in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work."  17 U.S.C. § 1201(a)(3)(B).  The Amended Complaint alleges, on "information and belief," that Instagram's and X's "website and app code . . . restrains a user from downloading the other users' files."  Am. Compl. ¶¶ 30-31.  The allegations fail, however, to explain what this "digital wall" was or how it prevented Defendants from accessing the Photo, which is fatal to Plaintiff's claim.  *See LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 511 (S.D.N.Y. 2015) ("Without specifying the technological measure, the [complaint] does not provide [defendants] with adequate notice of the claim . . . .").

Nor does the Amended Complaint explain how a digital wall was apparently bypassed, alleging only that Defendants "used a technology available."  Am. Compl. ¶ 91.  This again is insufficient.  *See Joint Stock Co. Channel One Russia Worldwide v. Inofmir LLC*, No 16 Civ. 1318 (GBD) (BCM), 2017 WL 696126, at *19 (S.D.N.Y. Feb. 15, 2017) (report and recommendation) (recommending dismissal where complaint does not provide "any factual allegations which, if true, would demonstrate that [defendant] affirmatively performed an action that disables or voids the measure that was installed to prevent it from accessing the copyrighted material") (cleaned up), *adopted by* 2017 WL 2988249 (S.D.N.Y. Mar. 27, 2017).

Moreover, Plaintiff does not allege that any measure prevented *access* to the Photo.  The Amended Complaint in fact demonstrates that there were no technological measures preventing Defendants from accessing the Photo, stating that the Photo was "re-posted, or shared, on Instagram and X, formerly known as Twitter, thousands of times after [Plaintiff] posted it," including "by users who had anywhere from 10,000-100,000 followers."  Am. Compl. ¶ 53.

Because "nothing stood in the way" of Defendants "viewing" the Photo, Plaintiff's claim must fail. *See Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*, 497 F. Supp. 2d 627, 644-46 (E.D. Pa. 2007) (granting summary judgment on circumvention claim in favor of defendants where defendants "could not avoid or bypass any protective measure, because nothing stood in the way of them viewing [the copyrighted material]").

Plaintiff instead alleges that Defendants circumvented measures meant to protect against downloading the Photo. Plaintiff claims that online platforms restrain their "users' freedom or ability to access the location where downloadable files are stored by the platform and download them," Am. Compl. ¶ 127, and that Defendants bypassed those restrictions "to obtain an unauthorized copy of Plaintiff's Photo," *id.* ¶ 128; *see also id.* ¶¶ 91 (alleging that Defendants "used a technology available to *download or otherwise make a copy* of the Photo, despite [the platforms'] technologic measures put in place to restrain users from downloading files uploaded to each platform" (emphasis added)); ¶ 88 (alleging that Defendants "*downloaded a copy* of the Photo and saved it to an internal drive" (emphasis added)). While Plaintiff uses the word "access," Plaintiff in fact complains that Defendants were not authorized to copy the Photo.

This theory of circumvention misconstrues the anti-circumvention provision, which prohibits unauthorized access, not copying. *See Hattler v. Ashton*, No. LA CV16-04099 JAK (KSx), 2017 WL 11634742, at *7-8 (C.D. Cal. Apr. 20, 2017) (dismissing § 1201(a)(1) claim where copyrighted works were accessible to the public on websites and allegations instead involved unauthorized copying).[3] While the anti-circumvention provision at issue here only

---

[3] Defendants acknowledge that a recent decision in this Circuit, *Yout, LLC v. Recording Industry Association of America, Inc*., 633 F. Supp. 3d 650 (D. Conn. 2022), reached a contrary conclusion. There the court found that measures taken by YouTube to prevent downloading of videos were a technological measure that effectively controls access to the works, and that the plaintiff's platform allowing users to bypass those controls circumvented the measures. *See id.* at 676-77. Defendants would respectfully suggest that *Yout* was incorrectly decided. This case

prohibits circumvention of measures "control[ling] access," the statute's anti-trafficking

provisions also restrict trafficking in devices that circumvent measures "that effectively protect[]

a right of a copyright owner." *Compare* 17 U.S.C. § 1201(a)(1) *with* 17 U.S.C. § 1201(b)(1).

The Second Circuit has emphasized the distinction between these phrases, stating that

> although both subsections [of the anti-trafficking provisions]
> prohibit trafficking in a circumvention technology, the focus of
> subsection 1201(a)(2) is circumvention of technologies designed to
> *prevent access* to a work, and the focus of subsection 1201(b)(1) is
> circumvention of technologies designed to *permit access* to a work
> but *prevent copying* of the work or some other act that infringes a
> copyright.

*Corley*, 273 F.3d at 441 (emphases in original);[4] *see also Macrovision v. Sima Prods. Corp.*, No.

05 Civ. 5587 (RO), 2006 WL 1472152, at *1 (S.D.N.Y. May 26, 2006) (making clear upon

reconsideration that 1201(b), not 1201(a)(2), applied to devices circumventing DVD anti-

copying protections).  Mirroring the language of subsection 1201(a)(2), the focus of the anti-

circumvention is likewise preventing access, not preventing infringement.  *See MDY Indus., LLC

v. Blizzard Ent., Inc.*, 629 F.3d 928, 945, 947-48 (9th Cir. 2010) (noting that the anti-

circumvention provision offered copyright owners a "new . . . right" to encourage them to "make

their works available in digital formats such as 'on-demand' or 'pay-per-view'" and that there

was no need to "prohibit circumvention itself because such conduct was already outlawed as

---

is currently on appeal before the Second Circuit, with argument held in February.  However,
even if *Yout* was correct, here Plaintiff has failed to actually identify the measures which were
allegedly bypassed by Defendants or how that bypass was performed.

[4] The plaintiff in *Hattler* attempted to rely on *Corley* for the proposition that "[h]aving the
authority of the copyright owner to view a work does not shield defendants from liability under
section 1201 if they circumvent technological protection measures prevent[ing] the downloading
and alteration of the work on an alternative platform."  2017 WL 11634742, at *7.  The *Hattler*
court rejected this reading of *Corley*, emphasizing that the case "addressed a computer program
that decrypted the encryption that movie studios placed on DVDs in order 'to prevent the

copyright infringement"). Thus, where there are no allegations regarding trafficking in circumvention devices, a plaintiff does not state a claim under Section 1201(a)(1) where she alleges technological measures that "permit access to copyrighted work, but restrict copying." *Hattler*, 2017 WL 11634742, at *8.

A broader reading is untenable. Were Plaintiff's allegations sufficient, plaintiffs could adequately plead circumvention by simply alleging that someone accessed a publicly-available website and screenshotted a copyrighted photo or text. But to be liable for "circumvention," one must "affirmatively perform[] an action that disables or voids the measure that was installed to prevent them from accessing the copyrighted material." *LivePerson*, 83 F. Supp. 3d at 509 (quoting *Dish Network LLC v. World Cable Inc.*, 893 F. Supp. 2d 452, 466 (S.D.N.Y. 2012)). Congress has explained that circumvention is "the electronic equivalent of breaking into a locked room in order to obtain a copy of a book." *Dish Network*, 893 F. Supp. 2d at 465 (quoting H.R. Rep. No. 105-551, p. 1, at 17 (1998)); *see also LivePerson*, 83 F. Supp. 3d at 509 (circumvention is "breaking and entering (or hacking) into computer systems"). Here, the room was not locked. Allegations about what Defendants did once they entered the room, including stealing the book, are irrelevant to Plaintiff's circumvention claim. *See Dish Network*, 893 F. Supp. 2d at 465. ("While lying to convince the Plaintiffs to open the door and then stealing, copying, and selling the content of the books inside the room may violate other laws, they do not violate the DMCA.").[5] Plaintiff's claim fails as a matter of law.

---

unauthorized *viewing* and copying of motion pictures.' In contrast, the Works here were accessible for viewing to the general public." *Id.* (cleaned up).

[5] As another example, someone who takes photos of a book at a library and posts those photos online may be liable for copyright infringement, but they would not be liable for breaking and entering – the brick-and-mortar equivalent of the anti-circumvention provision – to the extent that they had permission to be in the library. Here, there are no allegations that Defendants did not have permission to view the Photo on Plaintiff's social media accounts.

## <u>CONCLUSION</u>

For each and all the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint in its entirety and grant such other relief as this Court deems appropriate.

Dated:  August 16, 2024                                 Respectfully submitted,

**BALLARD SPAHR LLP**

By:   */s/ Thomas B. Sullivan*
Thomas B. Sullivan
Anna Kaul
1675 Broadway, 19th Floor
New York, NY 10019
Telephone:  (212) 850-6139
Facsimile:  (212) 223-1942
sullivant@ballardspahr.com
kaula@ballardspahr.com

Kennison Lay (admitted pro hac vice)
1 E. Washington St., Suite 2300
Phoenix, AZ 85004
Telephone: (602) 798-5573
Facsimile: (602) 798-5596
layk@ballardspahr.com

*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 16th day of August 2024, I directed that a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** be filed via the court's electronic filing system.

_/s/ Thomas B. Sullivan_
Thomas B. Sullivan