UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HILLARY WRIGHT,<br><br>Plaintiff,<br><br>   v.<br><br>MAIL MEDIA INC. AND ASSOCIATED NEWSPAPERS LTD.<br><br>Defendants. | Case No. 1:23-cv-07124-ALC<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants Mail Media Inc. ("Mail Media") and Associated Newspapers Ltd. ("Associated") (collectively, "Defendants"), for and as their Answer to the Second Amended Complaint filed by Plaintiff Hillary Wright ("Plaintiff"), answer and allege as follows:

## I.   NATURE OF THE CASE

1. Defendants admit that this purports to be an action for copyright infringement under the Copyright Act, 17 U.S.C. § 501, and for the removal of copyright management information under the Digital Millennium Copyright Act (DMCA), 17 U.S.C § 1202, but deny that Plaintiff is entitled to any relief.

2. Associated admits that it publishes news articles at the website [www.dailymail.co.uk](www.dailymail.co.uk) (the "Website"). Defendants deny the remaining allegations in Paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis deny them.

4. Denied.

5. Denied.

6. Denied.

7. Paragraph 7 does not assert factual allegations to which an answer is required. To the extent an answer is required, Defendants deny that they engage in the behavior characterized in Paragraph 7.

## II. PARTIES TO THE CASE

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis deny them.

9. Admitted.

## III. JURISDICTION & VENUE

10. The allegations in Paragraph 10 assert a legal conclusion to which no answer is required. To the extent an answer is required, Defendants do not contest that this Court has subject matter jurisdiction.

11. The allegations in Paragraph 11 assert a legal conclusion to which no answer is required. To the extent an answer is required, Mail Media does not contest that this Court has personal jurisdiction over it.

12. The allegations in Paragraph 12 assert a legal conclusion to which no answer is required. To the extent an answer is required, Defendants do not contest that this Court has personal jurisdiction over them.

13. Defendants admit that the website is accessible in the state of New York and accessed by people in the State of New York. Defendants admit that a copy of a photograph appeared on the Website and respectfully refer to the Website for the contents therein. Defendants deny the remaining allegations of Paragraph 13.

14. Denied.

15. The allegations in Paragraph 15 assert a legal conclusion to which no answer is required. To the extent an answer is required, Defendants do not contest the venue of this Court.

16. The allegations in Paragraph 16 assert a legal conclusion to which no answer is required. To the extent an answer is required, Defendants do not contest assignment to Manhattan.

## IV.   STATEMENT OF FACTS

17. Admitted.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis deny them.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis deny them.

20. Denied.

21. Denied.

22. Denied.

23. Admitted.

24. Admitted.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis deny them.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis deny them.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis deny them.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis deny them.

29. The allegations in Paragraph 29 assert a legal conclusion to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis deny them.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis deny them.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny them.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis deny them.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny them.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis deny them.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis deny them.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis deny them.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on that basis deny them.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and on that basis deny them.

39. Defendants admit that Kathleen Casillo drove her car through a group of protestors in Manhattan on December 11, 2020. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and on that basis deny them.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and on that basis deny them.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis deny them.

42. Defendants admit there was a protest outside of the courthouse on December 1, 2021 concerning Ms. Casillo (the "Event") and that at the Event an individual held a sign reading "Kathleen Casillo is Kyle Rittenhouse." Defendants also admit that Kyle Rittenhouse was accused of shooting people. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and on that basis deny them.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis deny them.

44. Defendants admit that a photograph of an individual holding a sign reading "Kathleen Casillo is Kyle Rittenhouse" was taken on December 1, 2021 at the Event. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and on that basis deny them.

45. The allegations in Paragraph 45 assert a legal conclusion to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 45 and on that basis deny them.

46. Defendants admit that the photograph was posted online. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and on that basis deny them.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and on that basis deny them.

48. The allegations in Paragraph 48 assert a legal conclusion to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on that basis deny them.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and on that basis deny them.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis deny them.

51. The allegations in Paragraph 51 assert a legal conclusion to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and on that basis deny them.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis deny them.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis deny them.

54. The allegations in Paragraph 54 assert a legal conclusion to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and on that basis deny them.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and on that basis deny them.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and on that basis deny them.

57. Defendants admit that the Website states: "The Mail Online Plus Daily Mail websites in the US and Australia have a combined global reach in excess of 191m visits per month, making it the most widely-read website in the world." Defendants deny the remaining allegations in Paragraph 57.

58. Associated admits that it is involved in the day-to-day operations of the Website. Mail Media denies the allegations concerning it in Paragraph 58.

59. Associated admits that it is involved with the creation of content, including articles, for the Website. To the extent Paragraph 59 characterizes the involvement of Associated as relating to "mainly articles," this characterization is vague and ambiguous, and Associated cannot determine whether to admit or deny it. Mail Media denies the allegations concerning it in Paragraph 59.

60. Defendants admit that the Website contains a page www.dailymail.co.uk/ushome, which acts as the homepage for US-based readers. Defendants deny the remaining allegations in Paragraph 60.

61. Associated admits that it has employees, independent contractors, and/or agents that are involved in the day-today operations of the Website. Mail Media denies the allegations concerning it in Paragraph 61.

62. Associated admits that it has employees, independent contractors, and or agents that are involved in the creation of content, including articles, for the Website. To the extent Paragraph 62 characterizes the involvement of Associated as relating to "mainly articles," this characterization is vague and ambiguous, and Associated cannot determine whether to admit or deny it. Mail Media denies the allegations concerning it in Paragraph 62.

63. Admitted.

64. The allegations in Paragraph 64 assert a legal conclusion to which no answer is required. To the extent an answer is required, Defendants admit that they transact business in the Southern District of New York.

65. Admitted.

66. Associated admits that it is a signatory to contracts related to the day-to-day operations of the Website, and Mail Media denies the allegations concerning it in Paragraph 66.

67. The allegations in Paragraph 67 are vague and ambiguous, and Defendants cannot determine whether to admit or deny them.

68. Denied.

69. Associated admits that it publishes stories on the Website, but Defendants deny that those stories are written for or submitted by Mail Media.

70. Admitted.

71. Admitted.

72. Denied.

73. Associated admits that it publishes photographs and articles on the Websites. Defendants deny the remaining allegations in Paragraph 73. .

74. Denied.

75. Denied.

76. Associated admits that it has licensed photos from photographers, individuals, or other companies. Mail Media denies the allegations concerning it in Paragraph 76.

77. Associated admits that it has paid fees to use photographs or videos on the website. Mail Media denies the allegations concerning it in Paragraph 77.

78. Admitted.

79. Admitted.

80. Admitted.

81. Admitted.

82. Associated admits that it has licensed articles to third parties but denies the allegations in Paragraph 82 to the extent they suggest that Associated licenses every article to third parties. Mail Media denies the allegations concerning it in Paragraph 82.

83. Associated admits that it has used gutter credits on the Website. Mail Media denies the allegations concerning it in Paragraph 83.

84. Associated admits that it does not always use gutter credits on the Website, including when it or an affiliated company retains the copyright to a photograph. Mail Media denies the allegations concerning it in Paragraph 84.

85. Associated admits that it published an article regarding the December 1, 2021 protest. Mail Media denies the allegations concerning it in Paragraph 85. Defendants lack knowledge or information sufficient to determine the "events" other than the December 1, 2021

protest to which Paragraph 85 refers and on that basis denies the remaining allegations in Paragraph 85.

86. Defendants admit that an article titled "BLM mob accuses white mother-of-three, 52, of being the 'new Kyle Rittenhouse' after she sent 50 of them flying across Third Avenue when they 'attacked her car' during 2020 protests: She rejects six-day community service plea deal and demands TRIAL" (the "Article") appeared on the Website. Associated admits that it published the Article. Defendants deny the remaining allegations in Paragraph 86.

87. Defendants admit that a copy of the photograph appeared in the Article. Defendants lack knowledge or information sufficient to form a belief as to whether the photograph is properly characterized as "Plaintiff's Photo" and on that basis deny that portion of Paragraph 87.

88. Denied.

89. Defendants admit that a copy of the photograph appeared in the Article. Defendants lack knowledge or information sufficient to form a belief as to whether the photograph is properly characterized as "Plaintiff's Photo" and on that basis deny that portion of Paragraph 89. Defendants respectfully refer to the archived link for the contents thereof.

90. Defendants admit that the Event was covered by a photographer sent to the Event for that purpose. Mail Media denies the allegations concerning it in Paragraph 90.

91. Defendants admit that Curtis Means took photographs of the Event. Defendants deny that Mr. Means was assigned by Mail Media, took photos for Mail Media, and provided the photos to Mail Media.

92. Defendants admit that Melissa Koenig was assigned to write an article about the Event. Defendants deny that Ms. Koenig was assigned to do so by Mail Media.

93. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and on that basis deny them.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Associated admits that it licenses photographs which accompanied the Article from third parties.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Defendants lack knowledge or information sufficient to form a belief as to whether the photograph is properly characterized as "Plaintiff's Photo" and on that basis object to the characterization.  Associated admits that it published the Article on the Website.  Associated respectfully refers to the Article for the contents thereof.  Defendants deny the remaining allegations in Paragraph 108.

109. The allegations in Paragraph 109 are vague and ambiguous, and Defendants cannot determine whether to admit or deny them.

110. The allegations in Paragraph 110 are vague and ambiguous, and Defendants cannot determine whether to admit or deny them.

111. Defendants admit that they did not directly license nor directly obtain permission to use the photograph from Plaintiff. Defendants deny that they would have been required to obtain such permission or that they would have been required to receive permission from Plaintiff directly.

112. The allegations in Paragraph 112 assert legal conclusions to which no answer is required. To the extent an answer is required, denied.

113. The allegations in Paragraph 113 assert legal conclusions to which no answer is required. To the extent an answer is required, denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Defendants lack knowledge or information sufficient to form a belief as to whether the photograph is properly characterized as "Plaintiff's Photo" and on that basis object to the characterization. Defendants respectfully refer to the Article for the contents thereof.

119. Denied.

120. Denied.

121. Denied.

122. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and on that basis deny them.

123. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 123 and on that basis deny them.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied

130. Denied.

131. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 131 and on that basis deny them.

132. Denied.

133. Denied.

134. Denied.

135. The allegations in Paragraph 135 assert a legal conclusion to which no answer is required. To the extent an answer is required, Associated admits that it published the Article on the Website and respectfully refers to the Article for the contents thereof.

136. The allegations in Paragraph 136 assert a legal conclusion to which no answer is required. To the extent an answer is required, Associated admits that it published the Article on the Website and respectfully refers to the Article for the contents thereof.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## V.   CAUSES OF ACTION

### First Cause of Action:
### Copyright Infringement

147. Defendants incorporate by reference each and every answer to Paragraphs 1-146 above.

148. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 148 and on that basis deny them.

149. Denied.

### First Cause of Action:
### Removal of Copyright Management Information (CMI)

150. Defendants incorporate by reference each and every answer to Paragraph 1-149 above.

151. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 151.

152. The allegations in Paragraph 152 assert a legal conclusion to which no answer is required. To the extent an answer is required, Associated admits that it published the Article on the Website and respectfully refers to the Article for the contents thereof. Mail Media denies the allegations concerning it in Paragraph 152.

153. Denied.

154. Denied.

## VI.     PRAYER FOR RELIEF

Plaintiff's Prayer for Relief does not require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief in any form.

## VII.     JURY DEMAND

Defendants demand a trial by jury of all issues triable by jury.

**WHEREFORE**, Defendants respectfully request that:

a. Plaintiff's Second Amended Complaint be dismissed in its entirety with prejudice;

b. Defendants be awarded their costs, including reasonable attorneys' fees; and

c. Such other relief as the Court deems just and proper.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Second Amended Complaint. Defendants deny all allegations, declarations, claims or assertions in the Second Amended Complaint that are not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

By alleging the separate and additional defenses set forth below, Defendants are not in any way agreeing or conceding that they have the burden of proof or the burden of persuasion on any of these issues.

**FIRST DEFENSE**

The Second Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

On information and belief, Plaintiff's claims are barred in whole or in part to the extent any copyright registration asserted by Plaintiff as covering the photograph in suit is invalid, unenforceable, or otherwise does not cover the photograph in suit.

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by an express or implied license.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel or waiver.

**SEVENTH DEFENSE**

To the extent the Court finds any infringement or other wrongful conduct by Defendants, Defendants are entitled to a reduction of damages based on their innocent intent.

**EIGHTH DEFENSE**

Plaintiff's losses, if any, are limited to actual damages.  Plaintiff is not entitled to statutory damages or attorneys' fees, pursuant to 17 U.S.C. § 412.

**NINTH DEFENSE**

To the extent statutory damages are available, which Defendants deny, any alleged infringement of Plaintiff's photograph, was innocent, not willful.

## TENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff suffered no damages as a result of any conduct by Defendants.

## ELEVENTH DEFENSE

Plaintiff's claim allegedly arising under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, is barred, in whole or in part, by Defendants' lack of requisite scienter.

## TWELFTH DEFENSE

Plaintiff's claim allegedly arising under the Digital Millennium Copyright Act, 17 U.S.C. § 1202, is barred, in whole or in part, by the absence of copyright management information from the work allegedly used by Defendants.

## THIRTEENTH DEFENSE

Plaintiff's request for injunctive relief is barred by the lack of any irreparable harm from the purported conduct by Defendants.

## FOURTEENTH DEFENSE

Plaintiff's request for injunctive relief is barred because Plaintiff has an adequate remedy at law.

## ADDITIONAL DEFENSES

Defendants hereby give notice that, due to their incomplete knowledge as to the matters set forth in the Second Amended Complaint, they are unable to determine whether they have additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer.  Defendants thus reserve their rights to amend their Answer, to assert additional defenses, and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

Dated:  December 18, 2024
       New York, New York

Respectfully submitted,

**BALLARD SPAHR LLP**

*/s/ Thomas B. Sullivan*
Thomas B. Sullivan
1675 Broadway, 19th Floor
New York, NY 10019
Telephone:  (212) 850-6139
Facsimile:  (212) 223-1942
sullivant@ballardspahr.com

Anna Kaul
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55415
Telephone:  (612) 371-3224
Facsimile:  (612) 371-3207
kaula@ballardspahr.com

Kennison Lay (admitted pro hac vice)
1 E. Washington St., Suite 2300
Phoenix, AZ 85004
Telephone:  (602) 798-5573
Facsimile:  (602) 798-5596
layk@ballardspahr.com

*Attorneys for Defendant*